UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO:

| | |
|---|---|
| THOMAS V. MCCAFFERTY, as father and next of friend of BRYNN S. MCCAFFERTY, a minor, Plaintiff, | ) ) ) ) ) ) |
| v. | ) ) |
| LOWE'S COMPANIES, INC., Defendant. | ) ) ) ) |

05-10558 RWZ

**NOTICE OF REMOVAL**  MAGISTRATE JUDGE

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

Pursuant to 28 U.S.C. § 1446(a), the defendant, Lowe's Companies, Inc., hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332 and 1441(a) and states the following grounds for removal:

1. On February 10, 2005, the plaintiff filed a negligence action, styled and captioned as above and assigned Civil Action No. 05-0145, against the defendant in Bristol Superior Court.

2. The plaintiff served the Summons, Complaint, Civil Action Cover Sheet, and Tracking Order upon the defendant on or about February 28, 2005.

3. The Summons, Complaint, Civil Action Cover Sheet, and Tracking Order, constitute all process, pleadings, and orders served on the defendant to date in this action. Copies of each are attached as Exhibit A.

4. Having been filed within 30 days of service of the Summons and Complaint upon the defendant, this Notice of Removal to the United States District Court has been filed in a

timely manner pursuant to the provisions of 28 U.S.C. § 1446(b). See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48, 119 S. Ct. 1322, 1325 (1999).

5.  The defendant has provided written notice, as required by 28 U.S.C. § 1446(d), to the adverse party and clerk of the state court in which this case was initially filed.

6.  Jurisdiction exists over this removed action, pursuant to 28 U.S.C. § 1441, because this action could originally have been filed in this Court, pursuant to 28 U.S.C. § 1332(a)(1), on the basis that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000:

    a.  The defendant, Lowe's Companies, Inc., is a North Carolina corporation with its principal place of business in Wilkesboro, North Carolina.

    b.  Based on the Complaint, the plaintiff is an individual residing in Mansfield, Massachusetts.

    c.  Based on the plaintiff's $92,000 initial demand for settlement, the amount in controversy exceeds $75,000. A copy of the demand letter is attached as Exhibit B.

7.  Pursuant to 28 U.S.C. §§ 101 and 1441(a), the United States District Court for the District of Massachusetts is the proper forum for removal of the state court action which was commenced in Bristol Superior Court.

WHEREFORE, the defendant requests that the action pending in Bristol County be removed therefrom to this Court and proceed as an action properly so removed.

Respectfully submitted,
The defendant,
Lowe's Companies, Inc.,
By its Attorneys

_____
Thomas C. Federico, BBO #160830
Jacy L. Wilson, BBO #658923
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210
Tel. (617) 439-7500

Dated: March 23, 2005

### CERTIFICATE OF SERVICE

I, Jacy L. Wilson, hereby certify that a true and correct copy of the foregoing document was served by mail upon the following attorney of record on March 23, 2005:

Bradford N. Louison, Esquire
Merrick, Louison & Costello, LLP
67 Batterymarch Street
Boston, MA 02110

_____
Jacy L. Wilson, Esquire

948470v1

3



Form #42

# COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.　　　　　　　　SUPERIOR COURT DEPT. OF THE TRIAL COURT

[SEAL]　　　　　　　　　　　　　　　　　　　　CIVIL ACTION
　　　　　　　　　　　　　　　　　　　　　　　No. B05-0145

Thomas V. McCafferty, As Father
and Next Friend of Brynn McCafferty,
A Minor _____, Plaintiff(s)

v.

Lowe's Companies, Inc. _____, Defendant(s)

(TO PLAINTIFF'S ATTORNEY :
　PLEASE INDICATE TYPE OF ACTION INVOLVED :—
　TORT — MOTOR VEHICLE TORT — CONTRACT —
　EQUITABLE RELIEF — OTHER.)

### SUMMONS

TO THE ABOVE-NAMED DEFENDANT: Lowe's Companies, Inc.

　You are hereby summoned and required to serve upon Bradford N. Louison of Merrick, Louison & Costello, LLP plaintiff's attorney, whose address is 67 Batterymarch St. Boston, MA 02110; an answer to the complaint which is herewith served upon you, within (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Taunton either before service upon plaintiff's attorney or within a reasonable time thereafter.

　Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

　Witness, Hon. Barbara J. Rouse, Adm. Justice of the Superior Court Dept. of the Trial Court, at Taunton, the 16th day of February, in the year of our Lord two thousand and five.

A TRUE ATTESTED COPY

_____ Magistrate

BRISTOL COUNTY DEPUTY SHERIFF

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. If the Commonwealth or an officer of agency thereof is a defendant, the time to be inserted is 60 days.

*NOTICE TO DEFENDANT — You need not appear personally in Court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.*

2SC 24

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT

BRISTOL, SS                                            CA #: B05-0145

Thomas V. McCafferty,
as father and next friend of
Brynn S. McCafferty, a minor,
   Plaintiff

vs.

Lowe's Companies, Inc.,
   Defendant

### COMPLAINT AND JURY CLAIM

1. The plaintiff, Thomas V. McCafferty, as father and next friend of Brynn S. McCafferty, a minor, is a person with a residence at Mansfield, Bristol County, Massachusetts.

2. The Defendant is a corporation with a place of business at S. Washington St., North Attleboro, Bristol County, Massachusetts.

3. The Defendant is the owner and in control of a retail store located at the address above.

4. On June 24, 2003 while the minor plaintiff and her father were lawfully upon the premises of the defendant, the minor plaintiff and her father walked into an aisle where the defendant had negligently and carelessly permitted pallets to be lying on the floor, without any warning or guards, so that the premises were dangerous and unsafe for customers therein.

5. Said pallets were askew; some had bags of fertilizer on them, some had nothing on them.

6. The defendant, its agents, servants or employees negligently maintained the aisles of the store by reason of their leaving pallets laying across aisles where customers were obliged to walk.

7. As a result thereof, the minor plaintiff was caused to trip and fall, sustained serious injuries suffered great pain of body and mind, and her father was obliged to expend money for medical care and attendance.

WHEREFORE: The plaintiff demands judgement against the defendant for damages to compensate the minor plaintiff and him for their loss, interest and costs.

THE PLAINTIFF DEMANDS A JURY TRIAL

The plaintiff,
by his attorney,

Bradford N. Louison (BBO # 305755)
Merrick, Louison & Costello, LLP
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305

feb. 8, 2005

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County: _____ |
|---|---|---|
| PLAINTIFF(S) Thomas V. McCafferty, as father and next friend of Brynn McCafferty | | DEFENDANT(S) Lowes Companies, Inc. |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Bradford N. Louison, BBO# 305755 Merrick, Louison & Costello, LLP 67 Batterymarch St.; Boston, MA 02110 (617) 439-0305 Board of Bar Overseers number: | | ATTORNEY (if known) |

Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 & 104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B04 | Personal Injury | (F) | (x) Yes  ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses ...Sturdy Memorial Hospital............................. $725.00
   2. Total Doctor expenses ...Neponset Valley Orthopedics......................... $455.00
   3. Total chiropractic expenses ................................................. $
   4. Total physical therapy expenses Mansfield Physical Therapy................. $3,650.00
   5. Total other expenses (describe) . Southern N.E. Orthpedic Surgery.......... $1,548.75
   Subtotal $6,378.75
B. Documented lost wages and compensation to date ................................ $
C. Documented property damages to date ........................................... $
D. Reasonably anticipated future medical and hospital expenses .................... $5,000.00
E. Reasonably anticipated lost wages ............................................. $
F. Other documented items of damages (describe) .................................. $

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

   Fractured distal humerus/elbow. Limited ROM with left arm seven months post accident
   
   $30,000.00
   TOTAL $41,378.75

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   DATE: 2/8/03

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

# Commonwealth of Massachusetts
## County of Bristol
## The Superior Court

CIVIL DOCKET# BRCV2005-00145-B

RE: **McCafferty, as father and next friend of v Lowe's Companies, Inc.**

TO: Bradford N Louison, Esquire
Merrick Louison & Costello
67 Batterymarch Street
3rd Floor
Boston, MA 02110

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 05/11/2005 |
| Response to the complaint filed (also see MRCP 12) | 07/10/2005 |
| All motions under MRCP 12, 19, and 20 filed | 07/10/2005 |
| All motions under MRCP 15 filed | 07/10/2005 |
| All discovery requests and depositions completed | 12/07/2005 |
| All motions under MRCP 56 served and heard | 01/06/2006 |
| Final pre-trial conference held and firm trial date set | 02/05/2006 |
| Case disposed | 04/06/2006 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session B sitting in CtRm 2 (Fall River) at Bristol Superior Court.

Dated: 02/10/2005

Marc J. Santos
Clerk of the Courts

BY: Joseph T. Vincent / Peter R. Andrade
Assistant Clerk

Location: CtRm 2 (Fall River)
Telephone: (508) 672-4464

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

Check website as to status of case: http://ma-trialcourts.org/tcic

cvdtract_2.wpd 438059 iridoc01 aguiarka

# CIVIL COVER SHEET

JS 44 (Rev. 3/99)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Thomas V. McCafferty, as father and next friend of Brynn S. McCafferty, a minor

## DEFENDANTS
Lowe's Companies, Inc.

(b) County of Residence of First Listed Plaintiff **Bristol**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Bradford N. Louison
Merrick, Louison & Costello, LLP
67 Batterymarch Street, Boston, MA 02110

Attorneys (If Known) Thomas C. Federico
Jacy L. Wilson
Morrison Mahoney LLP
250 Summer Street, Boston, MA 02210-1181

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury—Med. Malpractice
- ☐ 365 Personal Injury—Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE March 23, 2005
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUN _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

05-10558

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Thomas v. McCafferty v. Lowe's Companies, Inc.

1. Title of case (name of first party on each side only) _____

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

- [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
- [ ] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
- [x] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
- [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
- [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?    YES [ ]   NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)    YES [ ]   NO [x]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?    YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?    YES [ ]   NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).    YES [ ]   NO [x]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [ ]    Central Division [ ]    Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [x]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)    YES [ ]   NO [x]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  THOMAS C. FEDERICO, JACY L. WILSON
ADDRESS  MORRISON MAHONEY LLP, 250 SUMMER STREET, BOSTON, MA, 02210
TELEPHONE NO.  (617) 439-7500

(Coversheetlocal.wpd - 10/17/02)

MERRICK, LOUISON & COSTELLO, LLP

ATTORNEYS AT LAW

67 BATTERYMARCH STREET
BOSTON, MASSACHUSETTS 02110

TELEPHONE: (617) 439-0305
FACSIMILE: (617) 439-0325
www.merricklc.com

September 14, 2004

Elizabeth Cohar, Account Representative
Speciality Risk Services
P.O. Box 29618
Charlotte, NC 28229

Re:   Account:    Lowe's Store
      Claimant:   McCafferty, Brynn
      Claim No:   CFA 50100
      Date of Loss: 6/24/03

Dear Ms. Cohar:

Please accept this letter as a demand for settlement on behalf of the minor Brynn McCafferty with regards to the injuries suffered at the Lowe's Store in Attleboro, Massachusetts.

**Demand**

The demand for settlement based on the liability (as discussed below) and the injuries and medical special damages is ninety two ($92,000.00) thousand dollars

**Liability**

Brynn McCafferty, DOB: 3/22/97 was six years old on June 24, 2003, the date of accident when she and her father and sister went to the Lowe's Store, located at South Washington Street, North Attleboro, MA at approximately 12:30 p.m. (See attached photograph of Brynn with cast taken shortly after the accident.) The father, a police officer in the Town of North Attleboro was off duty and was shopping for fertilizer and other items. They walked into the store and went into the nursery section. As the three went down one aisle they turned right to come back up another aisle and as Mr. McCafferty stated to me, as soon as they came around the corner there were two or three empty pallets lying askew on the floor. Approximately six feet in front of those empty pallets were two pallets, in the middle of the aisle which were had fertilizer bags on them stacked chest high. As Mr. McCafferty walked around the corner, his daughter, Brynn, who was walking right behind him, tripped over the scattered empty pallets.

MERRICK, LOUISON & COSTELLO, LLP

Elizabeth Cohar, Account Representative
September 14, 2004
Page 2

Mr. McCafferty saw his daughter Brynn holding her left arm and she said to him, "Daddy I fell." At that point in time she was "whining" not crying, so Mr. McCafferty bought his fertilizer and paid for it with a credit card (enclosed please find the credit card slip for that purchase). Mr. McCafferty noticed that the skin on Brynn's arm looked flabby but went home in his car. Shortly thereafter he looked at his daughter's arm and it was extremely swollen. They then went to the ER at the Sturdy Memorial Hospital in Attleboro, MA. The arm was x-rayed and it was determined that it was broken in the left elbow. The doctor at that time said to wait for the swelling to go down. The next day, however, her left arm had swollen so they went back to the emergency room.

A further discussion on the injury and the medical care is described below.

Under the laws of the Commonwealth of Massachusetts, Lowe's is required to provide a safe environment for its shoppers. It is our position that leaving empty pallets lying scattered in an aisle right at the edge of the aisle is negligent in that it is reasonable to assume that a person who is walking around the corner of the aisle may be looking up at merchandise on the shelves and not see these pallets lying on the floor. There is no evidence that the McCafferty's were doing anything other than walking around the corner like any other shopper. Brynn McCafferty and her sister were not running or horsing around, they were simply walking behind their father. Such an accident could occur just as likely with an adult.

It is our position that the pallets left lying askew is a defect rendering Lowe's liable to the plaintiff for her injuries suffered as a result of falling over those pallets. A land owner owes a common duty of care to all lawful visitor and must maintain his property in a reasonably safe condition in view of the all the circumstances. <u>Mounsey v. Ellard</u>, 363 Mass. 693, 287 N.E. 2d 43 (1973). It is our position that this risk was not obvious since it would be difficult for a person who is walking around the aisle to notice these pallets because there was not enough time to see them as you approached them coming around the corner.

### Injury/Medical

Brynn McCafferty treated at the Sturdy Memorial Hospital Emergency Room, Dr. Kenneth Guild, M.D., Southern New England Orthopedic Surgery and Sports Medicine, P.C., Dr. Philip Bentley and Mansfield Physical Therapy. Enclosed please find copies of all the medical bills and reports from those providers.

As you can see in Dr. Guild's notes of September 17, 2003, Brynn still lacked full flexion; still limited as of October 30, 2003 and still with problems as of December 17, 2003. As you will see in the attached medical reports it is unclear how or when that will improve and at this time we are considering it to be a permanent injury.

MERRICK, LOUISON & COSTELLO, LLP

Elizabeth Cohar, Account Representative
September 14, 2004
Page 3

     You will see in the report of Dr. Bentley dated December 31, 2003, where he stated that at that time it was unclear to him whether or not this flexion problem will improve because at that time it had not. (Please see attached.)

     In order to improve her arm use, Brynn McCafferty was referred to physical therapy and attended such therapy primarily at the Mansfield Physical Therapy in Mansfield, MA. (Neponset Valley Orthopedics is for Dr. Bentley).

     I also have a copy of Brynn's X-ray if you would like to have that copied and review, please let me know.

     I have attached herewith copies of all the medical bills which I have in my possession which by my calculation totals the following:

| | |
|---|---|
| Sturdy Memorial Hospital | $725.00 |
| Neponset Valley Orthopedics | $455.00 |
| Mansfield Physical Therapy, Inc. | $3,650.00 |
| Southern New England Orthopedic Surgery and Sports Medicine, P.C. | $1,548.75 |
| Total: | $6,378.75 |

     If you would like to discuss the matter further, I look forward to hearing from you. It is our position that this condition may in fact be permanent although it is hoped that over time she will improve. We believe that the demand is fair under the circumstances particularly in the event that this condition becomes permanent. If the case went to trial with proof of a permanent injury a jury verdict would be considerably higher. Most if not all of the medical bills were paid by the family's Blue Cross Blue Shield Health Plan for which I have received a notice of lien a copy of which is enclosed herewith.

Very truly yours,

Bradford N. Louison

BNL/mob
Enclosure
P:\PERSONAL INJURY\McCafferty\Demand Letter.wpd