**Commonwealth of Massachusetts**
**BRISTOL SUPERIOR COURT**
**Case Summary**
**Civil Docket**

FILED
IN CLERKS OFFICE

## BRCV2005-00145
## McCafferty, as father and next friend of v. Lowe's Companies, Inc.

2005 APR -1 P 12: 33

U.S. DISTRICT COURT
DISTRICT OF MASS

| | | | | | |
|---|---|---|---|---|---|
| File Date | 02/10/2005 | Status | Disposed: transfered to other court (dtrans) | | |
| Status Date | 03/28/2005 | Session | B - CtRm 2 - (Fall River) | | |
| Origin | 1 | Case Type | B04 - Other negligence/personal injury/property | | |
| Lead Case | | Track | F | | |

| | | | | | |
|---|---|---|---|---|---|
| Service | 05/11/2005 | Answer | 07/10/2005 | Rule12/19/20 | 07/10/2005 |
| Rule 15 | 07/10/2005 | Discovery | 12/07/2005 | Rule 56 | 01/06/2006 |
| Final PTC | 02/05/2006 | Disposition | 04/06/2006 | Jury Trial | Yes |

### PARTIES

**Plaintiff**
Thomas V. McCafferty, as father and next friend of
Mansfield, MA 02048
Active 02/10/2005

**Private Counsel 305755**
Bradford N Louison
Merrick Louison & Costello
67 Batterymarch Street
3rd Floor
Boston, MA 02110
Phone: 617-439-0305
Fax: 617-439-0325
Active 02/10/2005 Notify

**Alias plaintiff name**
Brynn S. Cafferty, a minor
Active 02/10/2005

*** See Attorney Information Above ***

**Defendant**
Lowe's Companies, Inc.
North Attleboro, MA 02760
Served: 02/28/2005
Answered: 03/21/2005
Answered 03/21/2005

**Private Counsel 160830**
Thomas C Federico
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210-1181
Phone: 617-439-7500
Fax: 617-439-7590
Active 03/21/2005 Notify

**Other interested party**
FILE COPY
Active 02/10/2005 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 02/10/2005 | 1.0 | Complaint & civil action cover sheet filed |
| 02/10/2005 | | Origin 1, Type B04, Track F. |

MAS-20041213
barbmeli

Case 1:05-cv-10558-RWZ Commonwealth of Massachusetts 01/2005    Page 2 of 25

03/30/2005
08:08 AM

Commonwealth of Massachusetts
BRISTOL SUPERIOR COURT
Case Summary
Civil Docket

## BRCV2005-00145
## McCafferty, as father and next friend of v Lowe's Companies, Inc.

| Date | Paper | Text |
|------|-------|------|
| 03/11/2005 | 2.0 | SERVICE RETURNED (summons): Lowe's Companies, Inc., service made on February 28, 2005 (agent in charge service Pat Walker) |
| 03/21/2005 | 3.0 | ANSWER by Lowe's Companies, Inc. to COMPLAINT (claim of trial by jury reqstd) |
| 03/28/2005 | 4.0 | Notice for Removal to the United States District Court filed by Lowe's Companies, Inc. |
| 03/28/2005 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

| Date | Session | Event | Result |
|------|---------|-------|--------|
| 02/10/2005 | CtRm Main - (Taunton) | Status: by clerk Initial One-trial Review | Event held as scheduled |

A True Copy By Photostatic Process
Attest:

_[signature]_
Asst. Clerk of Courts

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT



BRISTOL, SS

CA #: B05-0145

Thomas V. McCafferty,
as father and next friend of
Brynn S. McCafferty, a minor,
    Plaintiff

vs.

Lowe's Companies, Inc.,
    Defendant

## **COMPLAINT AND JURY CLAIM**

1.    The plaintiff, Thomas V. McCafferty, as father and next friend of Brynn S. McCafferty, a minor, is a person with a residence at Mansfield, Bristol County, Massachusetts.

2.    The Defendant is a corporation with a place of business at S. Washington St., North Attleboro, Bristol County, Massachusetts.

3.    The Defendant is the owner and in control of a retail store located at the address above.

4.    On June 24, 2003 while the minor plaintiff and her father were lawfully upon the premises of the defendant, the minor plaintiff and her father walked into an aisle where the defendant had negligently and carelessly permitted pallets to be lying on the floor, without any warning or guards, so that the premises were dangerous and unsafe for customers therein.

5.    Said pallets were askew; some had bags of fertilizer on them, some had nothing on them.

6.     The defendant, its agents, servants or employees negligently maintained the aisles of the store by reason of their leaving pallets laying across aisles where customers were obliged to walk.

7.     As a result thereof, the minor plaintiff was caused to trip and fall, sustained serious injuries suffered great pain of body and mind, and her father  was obliged to expend money for medical care and attendance.

WHEREFORE: The plaintiff demands judgement against the defendant for damages to compensate the minor plaintiff and him for their loss, interest and costs.

THE PLAINTIFF DEMANDS A JURY TRIAL

A True Copy By Photostatic Process
Attest:

_Asst. Clerk of Courts_

The plaintiff,
by his attorney,

Bradford N. Louison (BBO # 305755)
Merrick, Louison & Costello, LLP
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305

feb. 8, 2005

| CIVIL ACTION<br>COVER SHEET | DOCKET NO.(S)<br>B05-0145 | Trial Court of Massachusetts<br>Superior Court Department<br>County: BRISTOL |
|---|---|---|

**PLAINTIFF(S)**
Thomas V. McCafferty, as father and next friend of Brynn McCafferty

**DEFENDANT(S)**
Lowes Companies, Inc.

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE**
Bradford N. Louison, BBO# 305755
Merrick, Louison & Costello, LLP
67 Batterymarch St., Boston, MA 02110
Board of Bar Overseers number:
(617) 439-0305

**ATTORNEY (if known)**

BRISTOL, SUPERIOR COURT
FEB 10 2005

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B04 | Personal Injury | ( F ) | ( x ) Yes      ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .. Sturdy Memorial Hospital ............................ $ 725.00 ....
2. Total Doctor expenses ... Neponset Valley Orthopedics ..................... $ 455.00 ....
3. Total chiropractic expenses ........................................ $ ...........
4. Total physical therapy expenses  Mansfield Physical Therapy ......... $ 3,650.00 ...
5. Total other expenses (describe) . Southern N.E. Orthpedic Surgery ......... $ 1,548.75 .
   Subtotal $ 6,378.75 ..
B. Documented lost wages and compensation to date ....................................... $ ...........
C. Documented property damages to date .................................................. $ ...........
D. Reasonably anticipated future medical and hospital expenses ......................... $ 5,000.00 ..
E. Reasonably anticipated lost wages .................................................. $ ...........
F. Other documented items of damages (describe)

$ ...........

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Fractured distal humerus/elbow. Limited ROM with left arm seven months post accident

$ 30,000.00 .
**TOTAL $ 41,378.75.**

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

**TOTAL $. ...........**

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record _____    DATE: 2/8/05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

*(handwritten)* 2/18/05 mailed receipt tracking order + summons + date-stamped copy (tba)

# MERRICK, LOUISON & COSTELLO, LLP
### ATTORNEYS AT LAW

**67 BATTERYMARCH STREET**
**BOSTON, MASSACHUSETTS 02110**

TELEPHONE: (617) 439-0305
FACSIMILE: (617) 439-0325
www.merricklc.com



*(stamp)* BRISTOL SUPERIOR COURT FILED

**FEB 10 2005**

February 8, 2005

Clerk of the Court-Civil
Bristol Superior Court
9 Court Street, Room 13
Taunton, MA 02780

**Re:** **Thomas V. McCafferty, as father and next friend of**
**Brynn S. McCafferty, a Minor, v. Lowe's Companies, Inc.**
**Bristol Superior Court Civil Action No:** BCO5-0145

Dear Sir/Madam:

Enclosed herewith for filing, relative to the above-entitled matter, please find the following:

1.  Complaint and Jury Claim;
2.  Civil Action Cover Sheet;
3.  Check in the amount of $280.00 for the filing of the Complaint and Summons. Please return the Summons and docket number in the enclosed self-addressed stamped envelope.

Thank you for your attention to this matter.

Very truly yours,

Bradford N. Louison

BNL/mob
Enclosure

Form #42

# COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.

[SEAL]

SUPERIOR COURT DEPT. OF THE TRIAL COURT

CIVIL ACTION

No. B05-0145

Thomas V. McCafferty, As Father
and Next Friend of Brynn McCafferty,
A Minor

Plaintiff(s)

v.

Lowe's Companies, Inc. _____, Defendant(s)

(TO PLAINTIFF'S ATTORNEY :
PLEASE INDICATE TYPE OF ACTION INVOLVED :
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER.)

### SUMMONS

TO THE ABOVE-NAMED DEFENDANT: Lowe's Companies, Inc.

You are hereby summoned and required to serve upon Bradford N. Louison
of Merrick, Louison & Costello, LLP

plaintiff's attorney, whose address is 67 Batterymarch St. Boston, MA 02110.;
an answer to the complaint which is herewith served upon you, within (20) days after
service of this summons upon you, exclusive of the day of service. If you fail to do so,
judgment by default will be taken against you for the relief demanded in the complaint.
You are also required to file your answer to the complaint in the office of the Clerk of this
Court at Taunton either before service upon plaintiff's attorney or within a
reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim
any claim which you may have against the plaintiff which arises out of the transaction or
occurrence that is the subject matter of the plaintiff's claim or you will thereafter be
barred from making such claim in any other action.

Witness, Hon. Barbara J. Rouse, Adm. Justice of the Superior Court Dept. of the Trial
Court, at Taunton, the 16th day of February, in the year
of our Lord two thousand and five

A True Copy By Photostatic Process
Attest:

_Magistrate_

_Asst. Clerk of Courts_

NOTICE TO DEFENDANT — You need not appear personally in Court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. If the Commonwealth or an officer of agency thereof is a defendant, the time to be inserted is 60 days.

2SC 24

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS

SUPERIOR COURT
CIVIL ACTION NO: 05-0145

<table>
<tr><td>

THOMAS V. MCCAFFERTY,<br>
as father and next of friend of<br>
BRYNN S. MCCAFFERTY, a minor,<br>
        Plaintiff,<br><br>
v.<br><br>
LOWE'S COMPANIES, INC.,<br>
        Defendant.
</td><td>
)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)
</td><td>



BRISTOL, SS SUPERIOR COURT<br>
FILED<br>
MAR 21<br>
MARC J. SANTOS, ESQ.<br>
CLERK/MAGISTRATE
</td></tr>
</table>

## ANSWER AND JURY DEMAND OF THE DEFENDANT, LOWE'S COMPANIES, INC.

Defendant Lowe's Companies, Inc. ("Lowe's") responds to the plaintiff's Complaint paragraph by paragraph as follows:

1.  Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2.  Lowe's denies the allegations contained in Paragraph 2.

3.  Lowe's denies the allegations contained in Paragraph 3.

4.  Lowe's denies the allegations contained in Paragraph 4.

5.  Lowe's denies the allegations contained in Paragraph 5.

6.  Lowe's denies the allegations contained in Paragraph 6.

7.  Lowe's denies the allegations contained in Paragraph 7.

WHEREFORE, Lowe's denies that the plaintiff is entitled to judgment or relief in any amount.

### FIRST AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Lowe's denies each and every allegation of the plaintiff's Complaint except as specifically admitted above.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff has misnamed the defendant.

### FOURTH AFFIRMATIVE DEFENSE

Lowe's is not guilty of any negligence.

### FIFTH AFFIRMATIVE DEFENSE

The negligence of the plaintiff was greater than the alleged negligence of Lowe's and such negligence of the plaintiff contributed to the plaintiff's alleged injuries; therefore, the plaintiff is barred from recovery under M.G.L. Chapter 231 Section 85.

### SIXTH AFFIRMATIVE DEFENSE

The plaintiff is guilty of contributory negligence and the damages, if any, recovered by the plaintiff from Lowe's should be reduced in proportion to the said negligence of the plaintiff in accordance with M.G.L. Chapter 231 Section 85.

### SEVENTH AFFIRMATIVE DEFENSE

If the plaintiff suffered injuries as alleged, such injuries were a result of the plaintiff's breach of duty to exercise due care to protect and ensure the plaintiff's own safety.

### EIGHTH AFFIRMATIVE DEFENSE

The damage the plaintiff alleges was caused in whole or in part by the plaintiff's own negligence.

### NINTH AFFIRMATIVE DEFENSE

If the plaintiff was injured as alleged, such injuries were due to the intervening or superseding acts or negligence of another, for which Lowe's is not liable.

### TENTH AFFIRMATIVE DEFENSE

The plaintiff's alleged injuries and damages were not proximately caused by Lowe's.

### ELEVENTH AFFIRMATIVE DEFENSE

If the plaintiff suffered damages as alleged, someone for whose conduct Lowe's was not and is not legally responsible caused such damages.

### TWELFTH AFFIRMATIVE DEFENSE

Lowe's reserves the right to add such other and further defenses as become apparent during the course of discovery.

948085v1

## THIRTEENTH AFFIRMATIVE DEFENSE

The plaintiff's Complaint has been filed in an improper venue, warranting dismissal or, in the alternative, transfer of the case to a more appropriate venue in accordance with M.G.L. Chapter 223.

## JURY CLAIM

Lowe's demands a trial by jury as to all issues.

Defendant,
Lowe's Companies, Inc.,
By its Attorneys,

Thomas C. Federico, BBO #160830
Jacy L. Wilson, BBO #658923
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

Dated: _March 17, 2005_

A True Copy By Photostatic Process
Attest:

Asst. Clerk of Courts

948085v1

## CERTIFICATE OF SERVICE

I, Jacy L. Wilson, hereby certify that a true and correct copy of the foregoing document was served by mail upon the following attorney of record on March _17_, 2005:

Bradford N. Louison, Esquire
Merrick, Louison & Costello, LLP
67 Batterymarch Street
Boston, MA 02110

Jacy L. Wilson, Esquire

948085v1

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS

SUPERIOR COURT
CIVIL ACTION NO: 05-0145

THOMAS V. MCCAFFERTY,
as father and next of friend of
BRYNN S. MCCAFFERTY, a minor,
       Plaintiff,

v.

LOWE'S COMPANIES, INC.,
      Defendant.

)
)
)
)
)
)
)
)
)
)
)

BRISTOL, SS SUPERIOR COURT
**FILED**
MAR 2 8 2005
MARC J. SANTOS, ESQ.
CLERK/MAGISTRATE

## NOTICE TO STATE COURT OF NOTICE OF REMOVAL TO FEDERAL COURT

    Please take notice that on March 23, 2005, pursuant to Title 28, United States Code,

Sections 1441 and 1446, the above–captioned action was removed to the United States District

Court for the District of Massachusetts. In accordance with Title 28, United States Code, Section

1446(d), a certified copy of said notice of removal is attached as Exhibit 1.

A True Copy By Photostatic Process
Attest:

_____
Asst. Clerk of Courts

Respectfully submitted,
Defendant,
Lowe's Companies, Inc.,
By its Attorneys,

_____
Thomas C. Federico, BBO #160830
Jacy L. Wilson, BBO #658923
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

Dated: _March 24, 2005_

948847v1

CERTIFICATE OF SERVICE

I, Jacy L. Wilson, hereby certify that a true and correct copy of the foregoing document was served by mail upon the following attorney of record on March _24_, 2005:

Bradford N. Louison, Esquire
Merrick, Louison & Costello, LLP
67 Batterymarch Street
Boston, MA 02110

Jacy L. Wilson, Esquire

948847v1



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

THOMAS V. MCCAFFERTY,                    )
as father and next of friend of          )
BRYNN S. MCCAFFERTY, a minor,            )
    Plaintiff,                     )
                                   )
                                   )
v.                                       )
                                   )
                                   )
LOWE'S COMPANIES, INC.,                  )
    Defendant.                     )
                                   )

# 05 - 10558 RWZ

## NOTICE OF REMOVAL

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

Pursuant to 28 U.S.C. § 1446(a), the defendant, Lowe's Companies, Inc., hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332 and 1441(a) and states the following grounds for removal:

1.    On February 10, 2005, the plaintiff filed a negligence action, styled and captioned as above and assigned Civil Action No. 05-0145, against the defendant in Bristol Superior Court.

2.    The plaintiff served the Summons, Complaint, Civil Action Cover Sheet, and Tracking Order upon the defendant on or about February 28, 2005.

3.    The Summons, Complaint, Civil Action Cover Sheet, and Tracking Order, constitute all process, pleadings, and orders served on the defendant to date in this action. Copies of each are attached as Exhibit A.

4.    Having been filed within 30 days of service of the Summons and Complaint upon the defendant, this Notice of Removal to the United States District Court has been filed in a

timely manner pursuant to the provisions of 28 U.S.C. § 1446(b). <u>See</u> <u>Murphy Brothers,</u> <u>Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 347-48, 119 S. Ct. 1322, 1325 (1999).

5.    The defendant has provided written notice, as required by 28 U.S.C. § 1446(d), to the adverse party and clerk of the state court in which this case was initially filed.

6.    Jurisdiction exists over this removed action, pursuant to 28 U.S.C. § 1441, because this action could originally have been filed in this Court, pursuant to 28 U.S.C. § 1332(a)(1), on the basis that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000:

    a.    The defendant, Lowe's Companies, Inc., is a North Carolina corporation with its principal place of business in Wilkesboro, North Carolina.

    b.    Based on the Complaint, the plaintiff is an individual residing in Mansfield, Massachusetts.

    c.    Based on the plaintiff's $92,000 initial demand for settlement, the amount in controversy exceeds $75,000. A copy of the demand letter is attached as Exhibit B.

7.    Pursuant to 28 U.S.C. §§ 101 and 1441(a), the United States District Court for the District of Massachusetts is the proper forum for removal of the state court action which was commenced in Bristol Superior Court.

WHEREFORE, the defendant requests that the action pending in Bristol County be removed therefrom to this Court and proceed as an action properly so removed.

948470v1

Respectfully submitted,
The defendant,
Lowe's Companies, Inc.,
By its Attorneys


*Jacy L. Wilson*

Thomas C. Federico, BBO #160830
Jacy L. Wilson, BBO #658923
Morrison Mahoney LLP
250 Summer Street
Boston, MA  02210
Tel. (617) 439-7500

Dated: *March 23, 2005*


## CERTIFICATE OF SERVICE

I, Jacy L. Wilson, hereby certify that a true and correct copy of the foregoing document was served by mail upon the following attorney of record on March *23*, 2005:

Bradford N. Louison, Esquire
Merrick, Louison & Costello, LLP
67 Batterymarch Street
Boston, MA 02110


*Jacy L. Wilson*

Jacy L. Wilson, Esquire

948470v1

3

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT

BRISTOL, SS

CA #: **B** *05 - 0145*

Thomas V. McCafferty,
as father and next friend of
Brynn S. McCafferty, a minor,
   Plaintiff

vs.

Lowe's Companies, Inc.,
   Defendant

## COMPLAINT AND JURY CLAIM

1.    The plaintiff, Thomas V. McCafferty, as father and next friend of Brynn S. McCafferty, a

minor, is a person with a residence at Mansfield, Bristol County, Massachusetts.

2.    The Defendant is a corporation with a place of business at S. Washington St., North

Attleboro, Bristol County, Massachusetts.

3.    The Defendant is the owner and in control of a retail store located at the address above.

4.    On June 24, 2003 while the minor plaintiff and her father were lawfully upon the

premises of the defendant, the minor plaintiff and her father walked into an aisle where

the defendant had negligently and carelessly permitted pallets to be lying on the floor,

without any warning or guards, so that the premises were dangerous and unsafe for

customers therein.

5.    Said pallets were askew; some had bags of fertilizer on them, some had nothing on them.

6.    The defendant, its agents, servants or employees negligently maintained the aisles of the store by reason of their leaving pallets laying across aisles where customers were obliged to walk.

7.    As a result thereof, the minor plaintiff was caused to trip and fall, sustained serious injuries suffered great pain of body and mind, and her father was obliged to expend money for medical care and attendance.

WHEREFORE: The plaintiff demands judgement against the defendant for damages to compensate the minor plaintiff and him for their loss, interest and costs.

THE PLAINTIFF DEMANDS A JURY TRIAL

The plaintiff,
by his attorney,

Bradford N. Louison (BBO # 305755)
Merrick, Louison & Costello, LLP
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305

feb. 8, 2005

| **CIVIL ACTION COVER SHEET** | DOCKET NO.(S) | **Trial Court of Massachusetts Superior Court Department** County: |
|---|---|---|

| PLAINTIFF(S) Thomas V. McCafferty, as father and next friend of Brynn McCafferty | DEFENDANT(S) Lowes Companies, Inc. |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Bradford N. Louison, BBO# 305755 Merrick, Louison & Costello, LLP 67 Batterymarch St., Boston, MA 02110 Board of Bar Overseers number: (617) 439-0305 | ATTORNEY (if known) |

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 & 104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B04 | Personal Injury | (F) | (x) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .. Sturdy Memorial Hospital ........................ $ 725.00
2. Total Doctor expenses ... Neponset Valley Orthopedics ..................... $ 455.00
3. Total chiropractic expenses ..................................................... $
4. Total physical therapy expenses Mansfield Physical Therapy ............... $ 3,650.00
5. Total other expenses (describe) Southern N.E. Orthpedic Surgery ...... $ 1,548.75
                                                                                      Subtotal $ 6,378.75
B. Documented lost wages and compensation to date ................................ $
C. Documented property damages to date ........................................... $
D. Reasonably anticipated future medical and hospital expenses ................... $ 5,000.00
E. Reasonably anticipated lost wages ............................................... $
F. Other documented items of damages (describe)                                       $

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   Fractured distal humerus/elbow. Limited ROM with left arm seven months post accident

                                                                                      $ 30,000.00
                                                                              TOTAL $ 41,378.75

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

                                                                              TOTAL $ .............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 2/8/05

AOTC-8 mtc005-11/99
A.O.S.C. 1-2000

## Commonwealth of Massachusetts
### County of Bristol
### The Superior Court

CIVIL DOCKET# **BRCV2005-00145-B**

RE:  **McCafferty, as father and next friend of v Lowe's Companies, Inc.**

TO:  Bradford N Louison, Esquire
Merrick Louison & Costello
67 Batterymarch Street
3rd Floor
Boston, MA 02110

### TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 05/11/2005 |
| Response to the complaint filed (also see MRCP 12) | 07/10/2005 |
| All motions under MRCP 12, 19, and 20 filed | 07/10/2005 |
| All motions under MRCP 15 filed | 07/10/2005 |
| All discovery requests and depositions completed | 12/07/2005 |
| All motions under MRCP 56 served and heard | 01/06/2006 |
| Final pre-trial conference held and firm trial date set | 02/05/2006 |
| Case disposed | 04/06/2006 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session B sitting in CtRm 2 (Fall River) at Bristol Superior Court.

Dated: 02/10/2005

Marc J. Santos
Clerk of the Courts

BY: Joseph T. Vincent / Peter R. Andrade
Assistant Clerk

Location: CtRm 2 (Fall River)
Telephone: (508) 672-4464

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

Check website as to status of case: http://ma-trialcourts.org/tcic

cvdtrack_2.wpd 438059 inidoc01 aguiarka



Form #42

# COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.

SUPERIOR COURT DEPT. OF THE TRIAL COURT

CIVIL ACTION

[SEAL]

No. B05-0145

Thomas V. McCafferty, As Father
and Next Friend of Brynn McCafferty, Plaintiff(s)
A Minor

v.

Lowe's Companies, Inc. _____ , Defendant(s)

(TO PLAINTIFF'S ATTORNEY :
PLEASE INDICATE TYPE OF ACTION INVOLVED :—
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER.)

## SUMMONS

TO THE ABOVE-NAMED DEFENDANT: Lowe's Companies, Inc.

You are hereby summoned and required to serve upon Bradford N. Louison
of Merrick, Louison & Costello, LLP

plaintiff's attorney, whose address is 67 Batterymarch St. Boston, MA 02110;

an answer to the complaint which is herewith served upon you, within (20) days after
service of this summons upon you, exclusive of the day of service. If you fail to do so,
judgment by default will be taken against you for the relief demanded in the complaint.
You are also required to file your answer to the complaint in the office of the Clerk of this
Court at ..... Taunton ............... either before service upon plaintiff's attorney or within a
reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim
any claim which you may have against the plaintiff which arises out of the transaction or
occurrence that is the subject matter of the plaintiff's claim or you will thereafter be
barred from making such claim in any other action.

Witness, Hon. Barbara J. Rouse, Adm. Justice of the Superior Court Dept. of the Trial
Court, at Taunton, the 16th ................. day of February ......., in the year
of our Lord two thousand and five ...................

A TRUE ATTESTED COPY

_Magistrate_ ......., Esq.

BRISTOL COUNTY DEPUTY SHERIFF

NOTES.

NOTICE TO DEFENDANT — You need not appear personally in Court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. If the Commonwealth or an officer of agency thereof is a defendant, the time to be inserted is 60 days.

2SC 24

*Rx B*

## MERRICK, LOUISON & COSTELLO, LLP

ATTORNEYS AT LAW

67 BATTERYMARCH STREET
BOSTON, MASSACHUSETTS 02110

TELEPHONE: (617) 439-0305
FACSIMILE: (617) 439-0325
www.merrickle.com

September 14, 2004

Elizabeth Cohar, Account Representative
Speciality Risk Services
P.O. Box 29618
Charlotte, NC 28229

Re:    **Account:**    **Lowe's Store**
        **Claimant:**    **McCafferty, Brynn**
        **Claim No:**    **CFA 50100**
        **Date of Loss:** 6/24/03

Dear Ms. Cohar:

Please accept this letter as a demand for settlement on behalf of the minor Brynn McCafferty with regards to the injuries suffered at the Lowe's Store in Attleboro, Massachusetts.

### Demand

The demand for settlement based on the liability (as discussed below) and the injuries and medical special damages is ninety two ($92,000.00) thousand dollars

### Liability

Brynn McCafferty, DOB: 3/22/97 was six years old on June 24, 2003, the date of accident when she and her father and sister went to the Lowe's Store, located at South Washington Street, North Attleboro, MA at approximately 12:30 p.m. (See attached photograph of Brynn with cast taken shortly after the accident.) The father, a police officer in the Town of North Attleboro was off duty and was shopping for fertilizer and other items. They walked into the store and went into the nursery section. As the three went down one aisle they turned right to come back up another aisle and as Mr. McCafferty stated to me, as soon as they came around the corner there were two or three empty pallets lying askew on the floor. Approximately six feet in front of those empty pallets were two pallets, in the middle of the aisle which were had fertilizer bags on them stacked chest high. As Mr. McCafferty walked around the corner, his daughter, Brynn, who was walking right behind him, tripped over the scattered empty pallets.

## MERRICK, LOUISON & COSTELLO, LLP

Elizabeth Cohar, Account Representative
September 14, 2004
Page 2

Mr. McCafferty saw his daughter Brynn holding her left arm and she said to him, "Daddy I fell." At that point in time she was "whining" not crying, so Mr. McCafferty bought his fertilizer and paid for it with a credit card (enclosed please find the credit card slip for that purchase). Mr. McCafferty noticed that the skin on Brynn's arm looked flabby but went home in his car. Shortly thereafter he looked at his daughter's arm and it was extremely swollen. They then went to the ER at the Sturdy Memorial Hospital in Attleboro, MA. The arm was x-rayed and it was determined that it was broken in the left elbow. The doctor at that time said to wait for the swelling to go down. The next day, however, her left arm had swollen so they went back to the emergency room.

A further discussion on the injury and the medical care is described below.

Under the laws of the Commonwealth of Massachusetts, Lowe's is required to provide a safe environment for its shoppers. It is our position that leaving empty pallets lying scattered in an aisle right at the edge of the aisle is negligent in that it is reasonable to assume that a person who is walking around the corner of the aisle may be looking up at merchandise on the shelves and not see these pallets lying on the floor. There is no evidence that the McCafferty's were doing anything other than walking around the corner like any other shopper. Brynn McCafferty and her sister were not running or horsing around, they were simply walking behind their father. Such an accident could occur just as likely with an adult.

It is our position that the pallets left lying askew is a defect rendering Lowe's liable to the plaintiff for her injuries suffered as a result of falling over those pallets. A land owner owes a common duty of care to all lawful visitor and must maintain his property in a reasonably safe condition in view of the all the circumstances. Mounsey v. Ellard, 363 Mass. 693, 287 N.E. 2d 43 (1973). It is our position that this risk was not obvious since it would be difficult for a person who is walking around the aisle to notice these pallets because there was not enough time to see them as you approached them coming around the corner.

### Injury/Medical

Brynn McCafferty treated at the Sturdy Memorial Hospital Emergency Room, Dr. Kenneth Guild, M.D., Southern New England Orthopedic Surgery and Sports Medicine, P.C., Dr. Philip Bentley and Mansfield Physical Therapy. Enclosed please find copies of all the medical bills and reports from those providers.

As you can see in Dr. Guild's notes of September 17, 2003, Brynn still lacked full flexion; still limited as of October 30, 2003 and still with problems as of December 17, 2003. As you will see in the attached medical reports it is unclear how or when that will improve and at this time we are considering it to be a permanent injury.

MERRICK, LOUISON & COSTELLO, LLP

Elizabeth Cohar, Account Representative
September 14, 2004
Page 3


You will see in the report of Dr. Bentley dated December 31, 2003, where he stated that at that time it was unclear to him whether or not this flexion problem will improve because at that time it had not. (Please see attached.)

In order to improve her arm use, Brynn McCafferty was referred to physical therapy and attended such therapy primarily at the Mansfield Physical Therapy in Mansfield, MA. (Neponset Valley Orthopedics is for Dr. Bentley).

I also have a copy of Brynn's X-ray if you would like to have that copied and review, please let me know.

I have attached herewith copies of all the medical bills which I have in my possession which by my calculation totals the following:

| | |
|---|---|
| Sturdy Memorial Hospital | $725.00 |
| Neponset Valley Orthopedics | $455.00 |
| Mansfield Physical Therapy, Inc. | $3,650.00 |
| Southern New England Orthopedic Surgery and Sports Medicine, P.C. | $1,548.75 |
| Total: | $6,378.75 |

If you would like to discuss the matter further, I look forward to hearing from you. It is our position that this condition may in fact be permanent although it is hoped that over time she will improve. We believe that the demand is fair under the circumstances particularly in the event that this condition becomes permanent. If the case went to trial with proof of a permanent injury a jury verdict would be considerably higher. Most if not all of the medical bills were paid by the family's Blue Cross Blue Shield Health Plan for which I have received a notice of lien a copy of which is enclosed herewith.

Very truly yours,

Bradford N. Louison

BNL/mob
Enclosure
P:\PERSONAL INJURY\McCafferty\Demand Letter.wpd

# MORRISON MAHONEY LLP

COUNSELLORS AT LAW

Jacy L. Wilson
Phone: 617-737-8865
Fax: 617-342-4850
jwilson@morrisonmahoney.com

250 SUMMER STREET
BOSTON, MASSACHUSETTS 02210-1181
617-439-7500

| MASSACHUSETTS | CONNECTICUT |
| BOSTON | HARTFORD |
| FALL RIVER | |
| SPRINGFIELD | NEW YORK |
| WORCESTER | NEW YORK |
| | |
| RHODE ISLAND | ENGLAND |
| PROVIDENCE | LONDON |

March 24, 2005

Civil Clerk's Office
Bristol Superior Court
9 Court Street, Room 13
Taunton, MA 02780

Re:    McCafferty v. Lowe's Companies, Inc.
       Civil Action No.:  05-0145
       Our File No.:  10017838

Dear Sir or Madam:

Enclosed please find a Notice to State Court of Notice of Removal to Federal Court in connection with the above-referenced action. The Notice of Removal, a certified copy of which is attached to the Notice to State Court, was filed in the United States District Court for the District of Massachusetts on March 23, 2005.

As per the Federal Rules, I am required to submit to the Federal Court certified copies of all records and pleadings in the State Court, as well as a certified copy of the docket sheet, within thirty (30) days of filing the Notice of Removal.

By this correspondence, I request such materials. To that end, kindly contact me at the above telephone number at your earliest convenience to inform me of the total cost for obtaining certified copies of the above-requested materials.

I appreciate your cooperation in this matter. If you have any questions or require any additional materials, please do not hesitate to contact me.

Sincerely,

*Jacy L. Wilson*

Jacy L. Wilson

Enclosure

cc:    Bradford N. Louison, Esquire (*via Certified Mail*)

948843v1